80 Broad Retail Assoc., LLC v BSD 80 Broad LLC (2020 NY Slip Op 05805)





80 Broad Retail Assoc., LLC v BSD 80 Broad LLC


2020 NY Slip Op 05805


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 159994/19 Appeal No. 12096N Case No. 2020-00844 

[*1]80 Broad Retail Associates, LLC, Plaintiff-Respondent,
v
BSD 80 Broad LLC, Defendant-Appellant.


Lachtman Cohen P.C., New York (Brian S. Cohen of counsel), for appellant.
Norris McLaughlin P.A., New York (Sharyn A. Tritto of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about November 25, 2019, which granted plaintiff's application for a Yellowstone injunction, unanimously affirmed, without costs.
The motion court properly granted plaintiff's application for a Yellowstone injunction. Contrary to defendant's contention, plaintiff fulfilled the four criteria for Yellowstone relief, namely, that "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc. , 93 NY2d 508, 514 [1999]). Given that article 17 of the lease specifically contemplates at least a 20-day cure period, we decline to rewrite that provision to divest plaintiff of its unfettered right to assign the lease or sublet the premises under paragraph 44 of the lease rider, or to transform the boilerplate default provision into a continuous operation clause (id. at 515).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020